# In the United States Court of Federal Claims

|  |  |
|---|---|
| LINDA S. RAYNOR,<br><br>                    *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>                    *Defendant.* | No. 25-1021<br>(Filed: July 18, 2025) |

*Linda S. Raynor*, pro se, Estes Park, CO.

*Daniel Falknor*, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**LERNER,** *Judge.*

On June 17, 2025, pro se Plaintiff Linda S. Raynor filed a Complaint and a Motion for Leave to Proceed in Forma Pauperis. Compl., ECF No. 1; Mot. for Leave to Proceed in Forma Pauperis (hereinafter "IFP Mot."), ECF No. 2. She also filed three additional non-responsive and defective documents between June 24, 2025 and July 8, 2025.

Purportedly, a Child Protective Services ("CPS") agency in Virginia kidnapped her daughter, C.R., as part of a baby mill and human trafficking scheme in 2004. *E.g.*, ECF No. 1-1 at 4–8, 14, 29. Ms. Raynor asserts CPS murdered C.R. while the child was pregnant in 2009. *See id.* at 14. Ms. Raynor contends CPS' alleged murder was a physical taking under the takings clause of the Fifth Amendment. ECF No. 1-2 at 1.

The Court must dismiss this action because it lacks jurisdiction. *See* Rule 12(h)(3) of the Rules of the Court of Federal Claims. The U.S. Court of Federal Claims may hear allegations of a Fifth Amendment takings against the United States. *Souders v. S.C. Pub. Servs. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007) (citing 28 U.S.C. § 1491(a)(1)). But C.R.'s tragic death was not a constitutional taking. *See* U.S. Const. amend. V (decreeing private property—not people—shall not be taken for public use without just compensation).[1]

---

[1] Additionally, litigants must bring a claim six years after it first accrues. 28 U.S.C. § 2501. Since C.R.'s death occurred in 2009, Ms. Raynor's claim would be barred even if the Court had jurisdiction.

Further, Ms. Raynor does not claim the federal government participated in this purported takings claim. *See generally* ECF No. 1-1. Her allegations focus on the actions of a state agency, and this Court lacks jurisdiction over takings claims against state and local agencies. *Souders*, 497 F.3d at 1308. Ms. Raynor merely lists the United States as a defendant, which is "insufficient to establish this Court's subject-matter jurisdiction." *Matlock v. United States*, No. 25-548, 2025 WL 1067680, at *2 (Fed. Cl. Apr. 9, 2025) (internal quotation marks omitted) (quoting *Gardner v. United States*, No. 25-81, 2025 WL 315313, at *2 (Fed. Cl. Jan. 28, 2025)).

A court may transfer a case to another court if transfer is in the interest of justice. 28 U.S.C. § 1631. Ms. Raynor has brought several cases about C.R.'s treatment and death in various other fora. *E.g.*, *Raynor v. Va. Dep't of Soc. Servs.*, No. CIVA 5:06CV00064, 2006 WL 2037571, at *1 (W.D. Va. July 18, 2006); *Raynor v. Wentz*, No. 09-CIV-223-RAW, 2009 WL 2057525, at *1–2 (E.D. Okla. July 14, 2009) (finding Ms. Raynor's arguments "completely lacking in legal merit and patently frivolous"); ECF No. 1-1 at 11–16 (containing complaints for two other similar lawsuits). Given Plaintiff's previous attempts to bring similar claims before other courts and her takings claim's lack of merit, it is not in the interest of justice to transfer this case.

Accordingly, Plaintiff's Complaint, ECF No. 1, is **DISMISSED without prejudice**. Ms. Raynor demonstrated she could not pay the Court's required filing fee without undue hardship. *See* IFP Mot. at 1–2. Her Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, is **GRANTED**. Ms. Raynor's three defective filings in this case are **REJECTED**. The Clerk is directed to enter judgment.

**IT IS SO ORDERED.**

 s/ Carolyn N. Lerner
CAROLYN N. LERNER
Judge